FILED
2010 MAY -6 AM 10:28
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULLY-JONES CONTRACTORS, INC. dba SULLY-JONES ROOFING AND SULLY-JONES ROOFING COMPANY,<br><br>Plaintiff,<br>vs.<br><br>AMERICAN SAFETY INDEMNITY COMPANY; MAXUM INDEMNITY COMPANY,<br><br>Defendants. | CASE NO. 08-cv-1976 BEN (AJB)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>[Docket No. 139] |

Currently before this Court is Plaintiff's Motion to Stay ("Motion"). (Docket No. 139.) Defendants filed oppositions to the Motion, and Plaintiff filed a reply. For the reasons set forth herein, Plaintiff's Motion is **DENIED**.

This action arises from Defendants' alleged failure to fully and immediately defend Plaintiff in a construction defect lawsuit against Plaintiff, titled *Pacific Pines Racquet Club Owners Association v. Pacifica Encinitas*, L.P., et al., San Diego Superior Court Case No. GIC878280 (the "Underlying Action"). Concurrently with the entry of this Order, the Court entered orders relating to summary judgment motions filed by the parties in this case. Those motions having been decided, Plaintiff now requests that the action be stayed on the grounds that the Underlying Action is still being litigated and issues concerning the existence, cause and inception date of property damages have not yet been

finalized. Defendants oppose the Motion, arguing a stay would deprive them of the right to determine coverage and their duty to defend in the Underlying Action. The Court agrees.

Under *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287 (1993), if factual issues in a coverage action overlap with issues to be resolved in the underlying litigation, a court must stay the coverage action. *Id.* at 301. However, if there is no such factual overlap and the coverage action can be resolved on legal issues or factual issues unrelated to the issues in the underlying action, the question of whether a stay should be granted is left to the court's discretion. *Great Am. Ins. Co. v. Superior Court*, 178 Cal.App.4th 221, 235-36 (2009). In exercising such discretion, the court should consider the possibility of prejudice to both parties. *Id.*

As set forth in the Court's summary judgment orders, the Court recognizes that triable issues of fact remain as to when damages occurred. These factual issues overlap with issues in the underlying construction defect case. However, as noted by Defendants, other matters of law exist which do not overlap, including issues concerning coverage under ASIC's third policy. Contrary to Plaintiff's assertions, the March 19, 2009 order by Magistrate Judge Battaglia does not suggest that a stay of the entire matter is appropriate. As that order is dated more than one year ago, it is also doubtful that the comments stated therein regarding the early stages of discovery in the Underlying Action are still applicable. Accordingly, the Court finds that a stay of the entire action is not warranted at this time.

Plaintiff's Motion to Stay is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date: May 6, 2010

Hon. Roger T. Benitez
United States District Court Judge