

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  SULLY-JONES CONTRACTORS, INC.,
dba SULLY-JONES ROOFING and SULLY-
12  JONES ROOFING COMPANY,

13                                          Plaintiff,

vs.
14

15  AMERICAN SAFETY INDEMNITY
COMPANY; et al. ,
16

17                                          Defendants.

CASE NO. 08-cv-1976 BEN (AJB)

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
(re MAXUM INDEMNITY
COMPANY)

[Docket No. 153]

18       Before the Court is Plaintiff's Motion for Reconsideration or, in the Alternative Clarification,

19  of the Court's May 6, 2010 Order ("Motion"). (Docket No. 153.) The Motion relates to the order

20  disposing of the summary judgment motions filed by Plaintiff and Defendant Maxum Indemnity

21  Company ("Maxum") in the above-captioned case. For the reasons set forth below, the Motion is

22  denied.

23                                  **BACKGROUND**

24       This action arises from Defendants' alleged failure to fully and immediately defend Plaintiff

25  in a construction defect lawsuit against Plaintiff, titled *Pacific Pines Racquet Club Owners Association*

26  *v. Pacifica Encinitas*, L.P., et al., San Diego Superior Court Case No. GIC878280 (the "Underlying

27  Action"). The Maxum insurance policy at issue in this case is Commercial General Liability Policy

28  No. GLP 6004490-01, covering the period from May 20, 2006 to May 20, 2007 (the "06-07 Policy").

(Second Am. Compl., ¶ 14.)

Plaintiff entered into a contract with Pacifica Companies to re-roof a residential complex located in Encinitas, California. (Second Am. Compl., ¶ 17.) On or around January 11, 2007, the Underlying Action was filed against Plaintiff, alleging construction defects and related damages in connection with Plaintiff's re-roofing. In May 2007, Maxum denied coverage under the 06-07 Policy on the grounds that coverage was precluded under the Apartment/Condo Endorsement and/or the Pre-Existing Damage Exclusion.

On October 24, 2008, Plaintiff initiated this action. (Docket No. 1.) The operative complaint is the Second Amended Complaint that was filed September 18, 2009. (Docket No. 62.) The Second Amended Complaint asserts the following claims: (1) Breach of Written Contract- Failure to Defend (First Cause of Action); (2) Breach of Written Contract-Failure to Indemnify (Second Cause of Action); (3) Breach of the Implied Covenant of Good Faith and Fair Dealing- Failure to Defend (Third Cause of Action); (4) Breach of the Implied Covenant of Good Faith and Fair Dealing- Failure to Indemnify (Fourth Cause of Action); (5) Reformation (Fifth Cause of Action); and (6) Declaratory Relief (Sixth Cause of Action). (Docket No. 62.)

On November 30, 2009, Plaintiff filed a Motion for Partial Summary Judgment against Maxum. (Docket No. 80.) On the same day, Maxum filed a Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment against Plaintiff. (Docket No. 85.) Both parties filed oppositions and replies.

On May 6, 2010, the Court entered an order denying Plaintiff's motion for summary judgment and granting in part and denying in part Maxum's motion for summary judgment. (Docket No. 149.) Specifically, the Court found a triable issue of fact existed on Plaintiff's First, Second, Third and Fourth Causes of Action and demand for punitive damages. However, the Court found Maxum was entitled to judgment as a matter of law on Plaintiff's Fifth Cause of Action for reformation.

On June 3, 2010, Plaintiff filed the Motion currently before the Court. (Docket No. 153.) Maxum filed an opposition, and Plaintiff filed a reply. (Docket Nos. 155, 156.)

For the reasons set forth below, the Motion is **DENIED**.

**DISCUSSION**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988)); *see also* CivLR 7.1.i.1 (a motion for reconsideration must set forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."). The second element of clear error is at issue here. Specifically, Plaintiff contends the Court erred by (1) misapplying applicable law concerning reformation of contracts; (2) failing to find that, as a matter of law, Plaintiff's work was performed after a certificate of occupancy had issued; and (3) failing to find that, as a matter of law, Maxum owed Plaintiff a duty to defend. Plaintiff requests that the Court reconsider its findings on each of these issues and enter an order granting judgment as a matter of law to Plaintiff on each issue. (P. & A., pg. 7.)

**I.     REFORMATION**

In its May 6, 2010 Order, the Court granted summary judgment in favor of Maxum, finding that because the 06-07 Policy clearly and expressly stated the parties' intentions (i.e., was unambiguous), no mistake existed and, therefore, Plaintiff could not satisfy the elements for reformation. Plaintiff contends the Court applied the wrong standard for reformation. Plaintiff, however, does not contend the Court failed to consider mistake, merely that the Court should have found the 06-07 Policy did not clearly express the parties' intentions and, therefore, based on mistake, reformation should have been granted as a matter of law.[1]

It is undisputed that reformation on the ground of mistake requires clear and convincing evidence of the alleged mistake. *Inamed Corp. v. Medmarc Cas. Ins. Co.*, 258 F. Supp. 2d 1117, 1123 (C.D. Cal. 2002). As detailed in the May 6th Order, the Court found that the 06-07 Policy clearly and expressly provided coverage for work performed on, among other things, apartment buildings,

---

[1] The Motion also argues reformation should be granted on the basis of fraud. Because Plaintiff did not raise this argument in its summary judgment motion, the Court does not address the issue here.

1    condominiums and condominium conversion projects, as long as the work was performed after

2    certification of occupancy, during the applicable time period, and was not to repair or replace work

3    performed prior to certification of occupancy. The 06-07 Policy did not, as Plaintiff claimed, provide

4    coverage for re-roofing or repair work regardless of certification of occupancy.  Although Plaintiff

5    argued this was a mistake and the 06-07 Policy should be reformed accordingly, the language of the

6    06-07 Policy clearly expressed the parties' intentions and, therefore, no mistake existed that would

7    serve as grounds for reformation.  Plaintiff did not during summary judgment, and does not in the

8    instant Motion, produce sufficient evidence showing a mistake existed as to the meaning or effect of

9    the 06-07 Policy such that Plaintiff's claim for reformation survives summary judgment.  That a

10   miscommunication may have occurred between Plaintiff and Plaintiff's insurance broker regarding

11   the 06-07 Policy is not relevant.

12          Accordingly, the Court did not commit clear error and Plaintiff's motion for reconsideration

13   of the Court's reformation holding is denied.

14   **II.    CERTIFICATE OF OCCUPANCY**

15          Plaintiff also seeks reconsideration of the Court's finding that a triable issue of fact existed on

16   whether Plaintiff's re-roofing work was performed after the issuance of a certification of occupancy.

17          Plaintiff concedes that the certificates of occupancy it needs to support its claim do not exist.

18   (P. & A., pg. 5.)  Plaintiff, instead, tries to prove its claim through the submission of Application

19   Inquiries and an opinion from its expert James Simmons.  As explained in the May 6th Order, the

20   Application Inquiries do not undisputedly show the existence of a certificate of occupancy because the

21   only relevant application inquiry, i.e., the second inquiry, does not indicate whether the certificate of

22   occupancy referenced therein was for an apartment building or an accent building such as, as indicated,

23   a cover for mailboxes.  Nothing in the Motion shows this reading of the Application Inquiries was

24   clear error.  Rather, Plaintiff argues the Court erred in failing to also consider Mr. Simmons' opinion

25   which interpreted these Application Inquiries as evidencing the existence of a certificate of occupancy.

26   *Id.*, pg. 5.  Mr. Simmons' conclusory statements do not undisputedly prove the existence of a

27   certificate of occupancy for summary judgment purposes.  That the opinion states one thing and the

28   evidence suggests the possibility of another must be resolved by the trier of fact.  *See generally*

1  *Bieghler v. Kleppe*, 633 F.2d 531, 534 (9th Cir. 1980).

2  Accordingly, the Court did not commit clear error and Plaintiff's motion for reconsideration

3  of the Court's holding on certification of occupancy is denied.

4  **III.    DUTY TO DEFEND**

5  Plaintiff next argues the Court erred by failing to find that, as a matter of law, Maxum owed

6  Plaintiff a duty to defend.  In the May 6th Order, the Court found there was insufficient evidence to

7  determine this issue as a matter of law.  The Court also noted the Underlying Action (for which

8  Plaintiff claims Maxum owed a duty to defend) was in its early stages and discovery had not yet

9  commenced on when damages occurred, particularly on whether damages occurred during the term

10  of the 06-07 Policy.

11  Plaintiff argues the mere hint of coverage automatically triggers a duty to defend.  However,

12  where, as here, the potential for liability turns on the resolution of a legal question, a duty to defend

13  does not automatically arise.  *See A-Mark Fin. Corp. v. CIGNA Prop. & Cas. Cos.*, 34 Cal. App. 4th

14  1179, 1191-92 (1995) ("a 'potential for indemnity' cannot be based on an unresolved dispute

15  concerning a purely legal question or question of policy interpretation when the question is resolved

16  favorably to the insurer.  To hold otherwise would put the insurer in an untenable position."); *State*

17  *Farm Mut. Auto. Ins. Co. v. Longden*, 197 Cal. App. 3d 226, 233 (1987) (insurer had no duty to defend

18  the insured where the insured's only potential for liability hinged on resolution of legal question of

19  whether an accident had occurred during the policy period).  In this case, whether a duty to defend

20  exists turns on the applicability of Maxum's Apartment/Condominium Exclusion and the Pre-Existing

21  Damage Exclusion, both of which, in turn, depend on when damages occurred.  These issues are a

22  matter of contract interpretation and, therefore, are purely legal questions.  As noted, however, the

23  Court cannot decide these issues as a matter of law at this stage of the case because discovery on

24  damages has not yet commenced.

25  Accordingly, the Court did not commit clear error and Plaintiff's motion for reconsideration

26  of the Court's holding on the duty to defend is denied.

27

28  **CONCLUSION**

1    For the reasons set forth above, Plaintiff's Motion for Reconsideration (Docket No. 153) is

2    **DENIED**.

3    **IT IS SO ORDERED**.

4    Dated: August ____, 2010

5    _____
     Hon. Roger T. Benitez
6    United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -                                                                08cv1976